IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL CARBAJAL, <br><br> Petitioner, <br><br> vs. <br><br> ERIC ARNOLD, Warden, California State Prison, Solano, <br><br> Respondent. | No. 2:15-cv-01127-JKS <br><br> MEMORANDUM DECISION |

Angel Carbajal, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Carbajal is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at California State Prison, Solano. Respondent has answered, and Carbajal has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On September 25, 2012, the trial court granted, over defense counsel's objection, the prosecution's motion to consolidate charges from two complaints lodged against Carbajal. In a consolidated information, Carbajal was charged with two counts of making a criminal threat (Counts 1 and 3), and assault with a deadly weapon (Count 2). The information further alleged as to Count 1 that Carbajal personally used a deadly weapon (a machete) and that Carbajal had been previously convicted in 2007 of making terrorist threats and in 2010 for assault with a deadly weapon. The Count 1 charges resulted from an incident involving Saysana Souksavath occurring on December 14, 2011, and had been the subject of a previous case that had ended in a mistrial. On direct appeal of his conviction, the California Court of Appeal recounted the following facts underlying the Count 1 charge against Carbajal:

> The facts of [Carbajal's] offense are not at issue and may be briefly stated.
> [Carbajal] resided in south Sacramento. In December 2011, he stood in the front yard of his next door neighbor's residence swinging a long knife and yelling. After retreating to his house, he reemerged and again swung the knife. [Carbajal] told his neighbor that he wanted to cut him "like this," and motioned to the knife.
> Sacramento City Police officers arrested [Carbajal] and transported him to the Sacramento County Jail.

*People v. Carbajal*, No. C073292, 2014 WL 660141, at *1 (Cal. Ct. App. Feb. 21, 2014).

Counts 2 and 3 were lodged in connection with an incident occurring on July 29, 2012, and involving Carbajal's brother, Rudy Carbajal. Defense counsel moved to sever Count 1 from the remaining counts. The trial court denied the motion, and Carbajal proceeded to a jury trial on all counts. During deliberations, the trial court was informed that the jury had reached verdicts on Counts 1 and 3 but were "stuck" on Count 2. The parties agreed to take partial verdicts. The jury returned a not guilty verdict as to Count 3 and a guilty verdict as to Count 1. The jury also found true that Carbajal personally used a deadly weapon. The jury said that they were deadlocked as to Count 2, and the court declared a mistrial as to that count. In a bench trial, Carbajal admitted the two alleged prior convictions. The court subsequently sentenced Carbajal to a term of 12 years' imprisonment, consisting of 6 years (twice the upper term) for criminal threats, 5 years for the prior serious felony, and one year for the prior prison term. The court also ordered Carbajal to pay, among other fines, booking and classification fees.

Through counsel, Carbajal appealed his conviction, arguing that the trial court improperly imposed booking and classification fees. On February 21, 2014, the Court of Apeal unanimously affirmed the judgment against Carbajal in all respects. *Carbajal*, 2014 WL 660141, at *3. The record does not indicate that Carbajal petitioned for review in the California Supreme Court.

Carbajal then filed in the California Supreme Court a *pro se* petition for habeas relief. In that petition, Carbajal argued that he had received the ineffective assistance of trial and appellate counsel. The Supreme Court summarily denied the petition on June 25, 2014.

Carbajal then filed an additional *pro se* petition for habeas relief in the California Supreme Court. In his second petition, Carbajal claimed that: 1) the trial court erred in consolidating his two cases; 2) his right to due process rights were violated because the prosecutor failed to disclose to the jury that prior testimony used to impeach Souksavath, who testified as a prosecution witness, was from a previous trial that resulted in a mistrial; 3) trial counsel was ineffective for failing to object to the prosecutor's failure to disclose that information to the jury; and 4) appellate counsel was ineffective for only challenging fines and fees rather than challenging the underlying conviction on direct appeal. The Supreme Court denied the petition without comment on May 20, 2015.

Carbajal timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on May 22, 2015. *See* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Carbajal raises the four claims he unsuccessfully raised to the state courts by habeas petition. First, he argues that he was deprived of due process when the trial court consolidated his two cases. He next contends that his right to due process was violated by the prosecutor's failure to disclose that prior testimony admitted in his trial came from a previous trial that ended in a mistrial. In Ground 3, Carbajal claims that his trial counsel was ineffective for failing to object to the prosecutor's failure to disclose that information to the

3

jury. Finally, Carbajal claims that appellate counsel was ineffective for failing to challenge his conviction on direct appeal.

III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S.

4

Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Carbajal has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

IV. DISCUSSION

A.   Improper Joinder (Ground 1)

Carbajal first argues that the trial court erred in granting the prosecution's motion to consolidate charges from two complaints lodged against Carbajal. Improper joinder in itself does not violate the Constitution. *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986). In *Lane*, the Supreme Court stated in a footnote that "[i]mproper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.* The Ninth Circuit subsequently stated in an unpublished opinion:

> *Lane* considered only the effect of misjoinder under Federal Rule of Criminal Procedure 8, and expressly stated that no constitutional claim had been presented. *See Lane*, 474 U.S. 438, 446 & n.9, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). Thus, Lane's broad statement—found in a footnote without citation to any legal authority—that misjoinder could only rise to the level of a constitutional violation if it was so prejudicial as to violate due process, was probably dictum. Only Supreme Court holdings are controlling when reviewing state court holdings under 28 U.S.C. § 2254; Court dicta and circuit court authority may not provide the basis for granting habeas relief. *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

*Young v. Pliler*, 273 F. App'x 670, 672 n.1 (9th Cir. 2008); *see also Collins v. Runnels*, 603 F.3d 1127, 1132-33 (9th Cir. 2010).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* Given that there is no clearly established Federal law in this instance, this Court cannot grant relief, since habeas relief is

6

warranted only when the state court adjudication runs afoul of clearly established federal law. *See Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (absent a Supreme Court decision that squarely addresses the issue, it "cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent . . . and so we must defer to the state court's decision").

In any event, the state courts reasonably rejected Carbajal's claim. *See Young*, 273 F. App'x at 672 (assuming *Lane* provided the relevant Supreme Court precedent to reach the merits of petitioner's claim that joinder of murder charge and assaults charges violated his constitutional rights). A joinder, or denial of severance, of counts may rise to a constitutional violation if it results in prejudice great enough to render the trial fundamentally unfair. *Grisby v. Blodgett*, 130 F.3d 365, 370 (9th Cir. 1997). There is a "high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986) (quoting *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985)). But joinder generally does not result in prejudice if the evidence of each crime is simple and distinct (even if the evidence is not cross-admissible), and the jury is properly instructed so that it may compartmentalize the evidence. *Bean v. Calderon*, 163 F.3d 1073, 1085-86 (9th Cir. 1998).

Even assuming, arguendo, that the Supreme Court's footnote could be considered clearly established Federal law, no constitutional violation occurred in this case, because the prejudice was not so great as to deny Carbajal his right to a fair trial. In denying Carbajal's motion to sever Count 1 from the remaining counts, the trial court concluded that the offenses charged were of the same class of crimes or had common characteristics or attributes and noted the

7

possibility of cross-admissible evidence. The court likewise found the charges to be fairly similar in nature and not unduly inflammatory with regard to each other,[1] the strength of the evidence similar in each case, and that joinder of the case would not cause undue prejudice. The trial court's determination is reasonable and fully supported by the record, and comports with applicable federal law. *See Davis v. Woodford*, 384 F.3d 628, 638-39 (9th Cir. 2004) (denial of motion to sever trial of capital and noncapital charges based on separate incidents not a violation of due process because evidence was cross-admissible, the weight of evidence with respect to each incident was roughly equal, the evidence as to each incident was distinct, and the jury was properly instructed); *Sandoval v. Calderon*, 241 F.3d 765, 773 (9th Cir. 2001) (given the strength of the prosecution's case against petitioner on both sets of murders and the cross-admissibility of the evidence on each set, petitioner's trial was not actually prejudiced by the joinder). Notably, the jury demonstrated its ability to distinguish between counts in its verdict, as he was acquitted of Count 2, an equally-serious crime. Accordingly, Carbajal's improper joinder claim does not merit federal habeas relief.

---

[1] To the extent that Carbajal's Petition could be construed to claim that the joinder improperly allowed evidence of other bad acts (namely, the charge(s) from the other incident) with respect each of the counts, such claim provides no basis for relief. The United State Supreme Court has left open the question of whether state law would violate the Due Process Clause if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Estelle*, 502 U.S. at 75 n.5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). As such, the Ninth Circuit has routinely found federal habeas relief to be foreclosed by § 2254(d)(1) for claims challenging the admission of evidence of prior bad acts or crimes. *See, e.g., Larson v. Palmateer*, 515 F.3d 1057, 1066 (9th Cir. 2008); *Alberni v. McDaniel*, 458 F.3d 860, 866 (9th Cir. 2006). Lacking any clearly established Supreme Court authority prohibiting admission of such evidence, such argument does not warrant relief on Carbajal's misjoinder claim either.

B.  Failure to Disclose (Ground 2)

Carbajal additionally claims that his due process rights were violated when the prosecutor failed to disclose to the jury that prior testimony from victim Souksavath was from a previous trial that resulted in a hung jury. Carbajal refers to the prosecutor's request that, when defense counsel was attempting to impeach Souksavath with testimony from the previous trial, that defense counsel not refer to it as testimony from the previous trial. The court granted the request, and defense counsel agreed to refer to the prior testimony not as trial testimony but rather as testimony from a prior proceeding.

Carbajal frames this claim as a violation of *Brady v. Maryland*, 373 U.S. 83 (1962), which refers to the rules of mandatory discovery in criminal cases under federal law. *Brady* and its progeny require the prosecution to disclose material information that is "favorable to the accused, either because it is exculpatory, or because it is impeaching." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

However, because the defense knew that the testimony came from the prior trial, the information was thus not suppressed from Carbajal, and he does not raise a *Brady* claim. Construing Carbajal's *pro se* Petition liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the substance of Carbajal's claim is that his right to confrontation was violated when defense counsel was not allowed to specifically refer to the prior trial when attempting to impeach the witness. The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI. It is well settled that, under the Sixth Amendment, an accused has the right to present witnesses, testimony and other evidence in his defense. *See*

9

*Washington v. Texas*, 388 U.S. 14, 19 (1967). However, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). States have considerable latitude under the Constitution to establish rules excluding evidence from criminal trials. *Holmes v. S. Carolina*, 547 U.S. 319, 324 (2006). "Thus, a trial judge may exclude or limit evidence to prevent excessive consumption of time, undue prejudice, confusion of the issues, or misleading the jury. The trial judge enjoys broad latitude in this regard, so long as the rulings are not arbitrary or disproportionate." *Menendez v. Terhune*, 422 F.3d 1012, 1033 (9th Cir. 2005) (citations omitted); *see Montana v. Egelhoff*, 518 U.S. 37, 42-43 (1996) (holding due process rights are not violated by exclusion of relevant evidence where probative value is outweighed by danger of prejudice or confusion).

Contrary to Carbajal's contentions, the trial court's reasonable limitation did not violate Carbajal's confrontation rights. *See Thompson v. Pliler*, 339 F. App'x 782, 784 (9th Cir. 2009) (no confrontation violation where trial court refused to allow defendant to ask the victim if she had changed her testimony as to ensure a conviction in retrial after his first trial ended in a hung jury). The trial court likely believed that, if the jury were to discover the existence of a prior trial, even without knowing the result of the prior trial, it may cause them unnecessarily to ponder why a second trial was necessary. Moreover, if the result of the prior trial was revealed to the jury, they may be influenced by what the prior jury did. Such concerns are valid, and provided ample support for excluding reference to the previous trial. Accordingly, Carbajal is not entitled to relief on this ground in any event.

C.  Ineffective Assistance of Counsel (Grounds 3 and 4)

Finally, Carbajal alleges that both his trial and appellate counsel rendered ineffective assistance. To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice standard is applied and federal courts do not engage in a separate analysis applying the *Brecht* harmlessness standard.[2] *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

---

[2] *See Brecht v. Abrahamson*, 507 U.S. 619, 639 (1993) (instructing that, where the standard applies, habeas relief is not warranted unless the error "had [a] substantial and injurious effect or influence in determining the jury's verdict").

11

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

Thus, Carbajal must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

Carbajal fails to show that either his trial or appellate counsel were ineffective. Both of his ineffective assistance claims challenge counsel's failure to raise the claims Carbajal raises in his Petition. But as this Court has explained, none of those claims have merit. Consequently, counsel cannot be faulted for not raising them. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring) (failing to raise a meritless objection cannot constitute prejudice under a *Strickland* ineffective assistance of counsel claim); *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." (internal citation omitted)); *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002) ("A failure to raise untenable issues on appeal does not fall below the *Strickland* standard.").

## V. CONCLUSION AND ORDER

Carbajal is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: November 2, 2017.

                                                 /s/James K. Singleton, Jr.
                                                 JAMES K. SINGLETON, JR.
                                                 Senior United States District Judge